# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-710V
(not to be published)

| | |
|---|---|
| MARC DUDASH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 16, 2020<br><br>Attorney's Fees and Costs |

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Colleen C. Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 30, 2017, Marc Dudash filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine administered on September 6, 2016, or in the alternative, that the vaccination significantly aggravated his GBS. (Petition at 1). On March 31, 2020, a decision was issued awarding compensation to Petitioner based on Respondent's stipulation. (ECF No. 52).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for final attorney's fees and costs, dated July 15, 2020 (ECF No. 57) ("Fees App."), requesting a total award of $60,159.92 (representing $59,661.90 in fees and $498.02 in costs).[3] In accordance with General Order No. 9, Petitioner also filed a signed statement indicating that he incurred out-of-pocket expenses totaling $9,625.00. (ECF No. 57 at 2). Respondent filed a brief reacting to the fees request on July 15, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case" and asking me to exercise my discretion and determine a reasonable award for attorney's fees and costs. Response at 2-3 (ECF No. 58). Petitioner filed a reply on July 17, 2020, concurring with Respondent. Reply at 1 (ECF No. 59).

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

---

[3] Petitioner's fees motion originally requested attorneys' fees of $59,726.90. Fees App. at 1. Following my recent decision in *Gorczyca v. Sec'y of Health & Human Servs.*, No. 18-1284V, slip op. (Fed. Cl. Spec. Mstr. Nov. 6, 2020), which addressed counsel's entitlement to a rate adjustment for the second half of 2020, Petitioner filed a supplemental motion on November 13, 2020, in order to be in compliance with the rates awarded in *Gorczyca*.

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fees request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests the following hourly rates for the work of his attorney, Ms. Nancy Meyers: $350.00 per hour for work performed in 2016-2017, $375.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, and $400.00 per hour for work performed in 2020. These rates are consistent with what I have previously awarded Ms. Meyers for her Vaccine Program work, and they are reasonable for the work performed in the instant case as well. *See Gorczyca v. Sec'y of Health & Human Servs.*, No. 18-1284V, slip op. at 3-5 (Fed. Cl. Spec. Mstr. Nov. 6, 2020). I will therefore award them as requested.

### B. Hours Billed

Upon review, I find the billed hours to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$59,661.90**.

## COSTS

### A. Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have

refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $498.02 in overall costs. Fees. App. at 2. This amount is comprised of obtaining medical records, the filing fee, postage, and photocopies. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

B. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs of $9,625.00 in pursuit of this litigation. Fees App. Ex. 4 at 2. This amount is for work performed by Petitioner's medical expert, Dr. Lawrence Steinman. Petitioner has provided adequate documentation supporting this expense and upon review I find Dr. Steinman's work to be reasonable, as well as the hourly rate requested for his time. Petitioner is therefore entitled to a full reimbursement of this cost.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Petitioner is awarded the following:**

1) **a lump sum of $60,159.92, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Nancy Meyers**[4]**; and**

2) **a lump sum of $9,625.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
